FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

01 AUG 22 PM 2: 38

MAGALI CRUZ,

    Plaintiff

v.

CITY OF TAMPA, a municipal
corporation and MICHAEL HOLLIFIELD,
GREGORY KRUG, Individually and as
police officers of the CITY OF TAMPA,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

CASE NO. 8:01-CV-1550-T-30 MAP

## COMPLAINT

COMES NOW the Plaintiff, MAGALI CRUZ, (hereinafter referred to as "CRUZ") by and through her undersigned attorney and hereby sues the Defendants, CITY OF TAMPA (hereinafter referred to as "CITY"), a municipal corporation and MICHAEL HOLLIFIELD (hereinafter referred to as "HOLLIFIELD"), and GREGORY KRUG, (hereinafter referred to as "KRUG"), individually and as police officers of the CITY OF TAMPA, alleging as follows:

### INTRODUCTION

1.   This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and under Florida Statute §768.16 and common law of the State of Florida against CITY police officers HOLLIFIELD and KRUG and against the CITY OF TAMPA pursuant to Florida Statute § 768.16 and common law of the State of Florida. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

1



## PARTIES

2. Plaintiff, MAGALI CRUZ, is and was at all times described in this Complaint a resident of the State of Florida.

3. Defendants HOLLIFIELD and KRUG were at all times relevant to this Complaint duly appointed and acting CITY police officers, acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs and usages of the CITY.

4. That at all times material hereto, Defendant CITY, was a municipal corporation of the State of Florida and the public employer of Defendants HOLLIFIELD and KRUG.

## VENUE

5. Proper venue for this action lies in the United States District Court for the Middle District of Florida, Tampa Division pursuant to Title 28, United States Code, Section 1391, in that the claims arose in this District, and Defendants HOLLIFIELD and KRUG reside in this District, and the Defendant, CITY of Tampa is located in this District.

## DEFINITIONS

6. The Plaintiff MAGALI CRUZ was a "person" within the definition of 42 U.S.C. § 1983.

7. The Defendants HOLLIFIELD and KRUG, were "persons" within the definition of 42 U.S.C. § 1983.

2

## GENERAL ALLEGATIONS

8. At all times material hereto, MAGALI CRUZ, was a citizen of the United States entitled to the rights, protection, and privileges guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and Title 42, United States Code, Section 1983 (<u>Civil Action for Deprivation of Rights</u>).

9. At all times material hereto, the Tampa Police Department was and is an integral part of the CITY government as the vehicle through which the CITY fulfills its policing functions.

10. Defendants HOLLIFIELD and KRUG were at all times relevant herein duly appointed and acting police officers with the CITY.

11. Defendant CITY was at all times material hereto, a municipality responsible for the training, direction, and supervision of Defendants HOLLIFIELD and KRUG as CITY police officers.

12. At all times material hereto, Plaintiff MAGALI CRUZ, was in the care, custody, and control of Defendants HOLLIFIELD and KRUG and Defendant CITY.

13. Plaintiff MAGALI CRUZ never made any threats to do bodily harm to CITY police officers HOLLIFIELD and KRUG, and complied with all of their instructions and orders.

## COUNT I

### 42 U.S.C. § 1983 Claim

14. The Plaintiff realleges and incorporates the allegations of averments 1 – 13 herein.

15. This is a civil action arising under the Fourth, Fifth, and Fourteenth Amendments

to the United States Constitution within the scope of 28 U.S.C. § 1331.

16. This is a civil action to redress the deprivation under color of State Law of the Fourth, Fifth and Fourteenth Amendments Rights of the Plaintiff MAGALI CRUZ within the scope of 28 U.S.C. § 1343.

17. This is a civil action to redress the deprivation under color of State Law of the rights, privileges and immunities of the Plaintiff MAGALI CRUZ guaranteed to the Plaintiff MAGALI CRUZ by the United States Constitution and within the scope of 42 U.S.C. §§ 1983 and 1988.

18. On April 1, 1998 in Tampa, Florida, Defendants, HOLLIFIELD and KRUG made an unreasonable seizure of the person of Plaintiff MAGALI CRUZ, violating her rights under the Fourth and Fourteenth Amendments to the United States Constitution, and further violated her rights under the Fifth Amendment to the United States Constitution by summarily punishing Plaintiff MAGALI CRUZ.

19. Defendants HOLLIFIELD and KRUG used physical force which was clearly excessive in light of the circumstances existing at the time of this incident.

20. The force used by the Defendants HOLLIFIELD and KRUG was not only excessive but clearly more than the force needed to subdue any potential threat posed by Plaintiff MAGALI CRUZ.

21. Defendants HOLLIFIELD and KRUG subjected Plaintiff MAGALI CRUZ to such deprivations by either malice or reckless disregard of Plaintiff MAGALI CRUZ's rights.

22. The actions of Defendant HOLLIFIELD and KRUG violated the following clearly established and well settled federal constitutional rights of MAGALI

CRUZ, to-wit:

1. Freedom from the use of excessive, unreasonable and unjustified force against her person;
2. Freedom from a deprivation of liberty without due process of law;
3. Freedom from arrest without probable cause;
4. Freedom from summary punishment;
5. Freedom from the unreasonable seizure of her person.
6. Freedom of arrest without probable cause that a crime had been committed.

23. Defendants HOLLIFIELD and KRUG used excessive force with the intent to inflict unnecessary harm upon the Plaintiff MAGALI CRUZ and such use of force caused bodily injuries and mental anguish and humiliation.

24. The Plaintiff MAGALI CRUZ suffered bodily injuries, mental anguish and humiliation directly from the use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

25. There was no warrant for the arrest of Plaintiff on April 1, 1998. The arrest of Plaintiff by Defendants HOLLIFIELD and KRUG, as stated above, was without reasonable grounds for said Defendants to believe Plaintiff had committed an offense and Defendants knew they were without probable cause to arrest Plaintiff.

26. No complaint, information, or indictment was ever sworn against Plaintiff alleging offenses occurring prior to the moment Defendants HOLLIFIELD and KRUG announced to Plaintiff that she was under arrest.

27. Plaintiff was transported to the Hillsborough County Jail, where she was incarcerated.

28. As a result of their concerted unlawful and malicious arrest of Plaintiff,

Defendants HOLLIFIELD and KRUG deprived Plaintiff of her liberty without due process of law and deprived her of equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

29. As a result of the concerted unlawful and malicious detention and confinement of Plaintiff, Defendants HOLLIFIELD and KRUG intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of her liberty without due process of law and deprived her of equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42. U.S. C. § 1983.

30. As a direct and proximate result, Plaintiff, MAGALI CRUZ, suffered bodily injury and resulting pain, suffering, mental anguish and loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff MAGALI CRUZ demands judgment against Defendants HOLLIFIELD and KURG, jointly and severally, under 42 U.S.C. § 1983 and Florida Statue § 768.21 and attorneys fees and costs pursuant to 42 U.S.C. § 1988, and all other relief as this Court may deem appropriate and further demands a trial by jury of all issues triable by jury.

## COMMON ALLEGATIONS PERTAINING TO PENDENT STATE CLAIMS

31. This court has supplemental subject matter jurisdiction over this action as a pendent state claim under 28 U.S.C. § 1367(a).

32. The Plaintiff MAGALI CRUZ has complied with all conditions precedent to the filing of this action including filing notice as required by Florida Statute §768.28. (Attached as Exhibit "A").

33. In accordance with s. 13, Art. X, State Constitution, the state, for itself and for its agencies or subdivisions has waived sovereign immunity for liability for torts pursuant to Florida Statute § 768.28.

### COUNT II (Battery)
### PENDENT CLAIM AGAINST CITY OF TAMPA

34. This is an action for damages that exceed $50,000.00 against the CITY OF TAMPA.

35. The Plaintiff MAGALI CRUZ realleges and incorporates the allegations of averments 1 - 13 and 27- 29 herein.

36. Defendants, HOLLIFIELD and KRUG's use of excessive force constituted a battery that occurred during an arrest within the scope of their employment as police officers of the CITY and constituted an abuse of lawful power.

37. The CITY is vicariously liable for the actions of HOLLIFIELD and KRUG alleged above.

38. As a direct and proximate result Plaintiff MAGALI CRUZ suffered bodily injury and resulting pain, suffering, mental anguish, loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff claims damages against Defendant CITY OF TAMPA, costs, and all other relief as this Court may deem appropriate and further demands a trial by jury of all issues triable by jury.

### COUNT III (Negligence)

39. This is an action for damages that exceed $50,000.00.

40. The Plaintiff MAGALI CRUZ realleges and incorporates the allegations of averments 1 - 13 and 27 - 29 herein.

41. Defendants, HOLLIFIELD and KRUG's use of excessive force was done negligently, carelessly or with deliberate indifference and occurred during an arrest within the scope of their employment as police officers of the CITY and constituted an abuse of lawful power.

42. The CITY is vicariously liable for the actions of HOLLIFIELD and KRUG alleged above.

43. As a direct and proximate result Plaintiff MAGALI CRUZ suffered bodily injury and resulting pain, suffering, mental anguish, loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff claims damages against Defendant CITY OF TAMPA, costs, and all other relief as this Court may deem appropriate.

### COUNT IV (Intentional Infliction of Emotional Distress)

44. This is an action for damages that exceed $50,000.00.

45. The Plaintiff, MAGALI CRUZ realleges and incorporates the allegations of averments 1 - 13 and 27 - 29 herein.

46. Prior to and while in custody as alleged above, Plaintiff, MAGALI CRUZ was subjected to outrageously foul and abusive statements by Defendant police officers, including HOLLIFIELD and KRUG, which included foul language, abusive comments, many of which were made to her while she was experiencing panic attacks.

47. The CITY is vicariously liable for the actions of HOLLIFIELD and KRUG alleged above.

48. Plaintiff was damaged thereby.

49. As a direct and proximate result Plaintiff, MAGALI CRUZ, suffered bodily injury and resulting pain, suffering, mental anguish, loss of capacity for the enjoyment of life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff claims damages against Defendant CITY OF TAMPA, costs, and all other relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable as a right by law.

*[signature]*
Richard A. Filson, Esquire
FILSON & PENGE, P.A.
2727 S. Tamiami Trail, Suite 2
Sarasota, Florida 34239
(941)952-0771
Florida Bar No.: 435074
Attorney for Plaintiff



# FILSON & PENGE, P.A.
ATTORNEYS AT LAW

Richard A. Filson
Susan Penge Filson

---

VIA CERTIFIED MAIL Z 424 096 518
RETURN RECEIPT REQUESTED

May 11, 2000

Tampa City Council
Charlie Miranda
315 E. Kennedy Blvd.
Tampa, Florida 33602

City of Tampa Police Department
Bennie R. Holder, Chief
411 N. Franklin
Tampa, Florida 33602

Department of Insurance
Division of Risk Management,
200 E. Gaines Street
Tallahassee, Florida 32399-0338

> RE: *Notice of Claim under § 768.28(b), FLA. STAT.*
> *Claimant:*        *Magali Cruz*
> *Date of Birth:*   *11/09/48*
> *Social Security #:* *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*
> *Date of Loss:*    *April 1, 1998*

Dear Sir or Madam:

Please be advised I represent *Magali Cruz* in a claim for personal injuries against the City of Tampa Police Department and individual officers arising from events that occurred on April 1, 1998.

Please treat this letter as my notice made pursuant to § 768.28 Fla. Stat. On that date and time *Magali Cruz* was lawfully employed at her mother's business, Botanica San Antonio, located at 5825 S. Dale Mabry, in Tampa, Florida 33611. On that date and time, officers of the Tampa Bay Police Department chased *Magali Cruz's* nephew, Jose Cruz into the store. After verbally abusing everyone in the store, the Police just left with Jose Cruz. Hours passed, and *Magali Cruz*, along with her sister, and niece Norma Perez began closing the shop. Suddenly, a group of men later determined to be Tampa Bay Police Officers came running towards the door shouting profanities and demanding they open the door. The door was promptly unlocked, and the men burst into the store, verbally abusing my client and the other people in the store. They, then,

2727 S. Tamiami Trail, Suite 2, Sarasota, FL  34239 • 941/952-0771 • Fa

**EXHIBIT A**

without probable cause to effect an arrest executed a takedown on *Magali Cruz*, who offered no resistance and handcuffed her. They continued to verbally abuse her. My client experienced a full blown panic attack, and was unable to breathe. Nevertheless, the police officers continued their verbal abuse of *Magali Cruz* while she was in the grip of an obvious panic attack. Paramedics were eventually summoned, and a female officer who arrived also, began to attend *Magali Cruz*. The other officers present remained verbally abusive to everyone that was at the scene, including *Magali Cruz*. The female police officer was able to extricate *Magali Cruz* from the abusive male officers and placed her in her police car, where *Magali Cruz* passed out. She woke up at the Orient Jail and was booked. At no time did the police officers have probable cause to arrest *Magali Cruz*, or to detain her in any way, let alone handcuff her and brutalize her both physically and verbally. All charges against *Magali Cruz* were dismissed. As a result, *Magali Cruz* suffered significant personal injuries, both physical and mental and her civil rights were violated.

This claim arises out of the actions on the part of the City of Tampa Police Officers, and/or the City of Tampa and/or its employees or agents.

Please govern yourself accordingly.

Sincerely,

Richard A. Filson

RAF/sb

2

**SENDER:**
- Complete items 1 and/or 2 for additional services.
- Complete items 3, 4a, and 4b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee

3. Article Addressed to:
City of Tampa Police Dept.
411 N. Franklin
Tampa, FL 33602
Attn: Bennie R. Holder, Chief

4a. Article Number
Z 424 040 517

4b. Service Type
☐ Registered   ☒ Certified
☐ Express Mail   ☐ Insured
☒ Return Receipt for Merchandise   ☐ COD

7. Date of Delivery

5. Received By: (Print Name)
M. VELAZQUEZ

6. Signature: (Addressee or Agent)
X _____

8. Addressee's Address (Only if requested and fee is paid)

Thank you for using Return Receipt Service.

PS Form 3800, April 1995

Postage         $ .33
Certified Fee    1.40
Special Delivery Fee
Restricted Delivery Fee
Return Receipt Showing to Whom & Date Delivered   1.25
Return Receipt Showing to Whom, Date, & Addressee's Address
TOTAL Postage & Fees   $ 2.98
Postmark or Date

**SENDER:**
- Complete items 1 and/or 2 for additional services
- Complete items 3, 4a, and 4b
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:
Dept. of Insurance
Division of Risk Management
200 E. Gaines St.
Tallahassee, FL

4a. Article Number
Z 424 091 0514

4b. Service Type
☐ Registered   ☒ Certified
☐ Express Mail  ☐ Insured
☒ Return Receipt for Merchandise  ☐ COD

7. Date of Delivery
MAY 16 2001

8. Addressee's Address (Only if requested and fee is paid)

5. ~~DEPARTMENT OF INSURANCE~~
~~TREASURER AND FIRE MARSHAL~~
L SINEATH, MAIL CENTER SUPERVISOR

RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

PS Form 3800, April 1995

Restricted Delivery Fee USPS
Return Receipt Showing to Whom & Date Delivered    1.25
Return Receipt Showing to Whom, Date, & Addressee's Address
TOTAL Postage & Fees    $ 2.88
Postmark or Date

**SENDER:**
- Complete items 1 and/or 2 for additional services
- Complete items 3, 4a, and 4b
- Print your name and address on the reverse of this form so that we can return this card to you
- Attach this form to the front of the mailpiece, or on the back if space does not permit
- Write "Return Receipt Requested" on the mailpiece below the article number
- The Return Receipt will show to whom the article was delivered and the date delivered

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery

Consult postmaster for fee.

3. Article Addressed to:
Tampa City Council
Charlie Miranda
315 E. Kennedy Blvd.
Tampa, FL 33602

4a. Article Number
Z 424 096 518

4b. Service Type
☐ Registered
☐ Express Mail
☒ Return Receipt for Merchandise
☐ COD
☒ Certified
☐ Insured

7. Date of Delivery
MAY 13 2001

8. Addressee's Address (Only if requested and fee is paid)

5. Received By: (Print Name)

6. Signature: (Addressee or Agent)

PS Form 3811, December 1994     102595-98-B-0229     Domestic Return Receipt

Thank you for using Return Receipt Service.

Is your RETURN ADDRESS completed on the reverse side?

---

PS Form 3800, April 1995

| Certified Fee | 1.75 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | [MAY 2000 postmark - SARASOTA FL MAIN OFFICE] 2.25 |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees USPS | 2.98 |
| Postmark or Date | |

AO 440 (Rev. 5/85)   Summons in a Civil Action

# United States District Court

_____MIDDLE_____ DISTRICT OF _TAMPA_

MAGALI CRUZ

**SUMMONS IN A CIVIL ACTION**

V.

CASE NUMBER:

CITY OF TAMPA, a municipal corporation
and MICHAEL HOLLIFIELD, GREGORY KRUG,
Individually and as police officers of
the CITY OF TAMPA,

TO: (Name and Address of Defendant)

GREGORY KRUG
c/o City of Tampa Police Department
411 N. Franklin
Tampa, FL  33602

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

> Richard A. Filson, Esq.
> Filson & Penge, P.A.
> 2727 S. Tamiami Trail, Ste. 2
> Sarasota, FL  34239
> (941) 952-0771

an answer to the complaint which is herewith served upon you, within __thirty (30)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK                                                           DATE

BY DEPUTY CLERK

AO 440 (Rev. 5/85) Summons in a Civil Action

# United States District Court

_____MIDDLE_____ DISTRICT OF __TAMPA__

MAGALI CRUZ

**SUMMONS IN A CIVIL ACTION**

V.

CASE NUMBER.

CITY OF TAMPA, a municipal corporation
and MICHAEL HOLLIFIELD, GREGORY KRUG,
Individually and as police officers of
the CITY OF TAMPA,

TO: (Name and Address of Defendant)
MICHAEL HOLLIFIELD
c/o City of Tampa Police Department
411 North Franklin
Tampa, FL  33602

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Richard A. Filson, Esq.
Filson & Penge, P.A.
2727 S. Tamiami Trail, Ste. 2
Sarasota, FL  34239
(941) 952-0771

an answer to the complaint which is herewith served upon you, within __thirty (30)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| CLERK | DATE |
|---|---|
| | |

BY DEPUTY CLERK

AO 440 (Rev. 5/85)  Summons in a Civil Act.

# United States District Court

_____MIDDLE_____ DISTRICT OF __TAMPA_____

MAGALI CRUZ

**SUMMONS IN A CIVIL ACTION**

V.

CASE NUMBER:

CITY OF TAMPA, a municipal corporation
and MICHAEL HOLLIFIELD, GREGORY KRUG,
Individually and as police officers of
the CITY OF TAMPA,

TO: (Name and Address of Defendant)

CITY OF TAMPA
c/o Tampa City Council
Charlie Miranda
315 E. Kennedy Blvd.
Tampa, FL  33602

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

    Richard A. Filson, Esq.
    Filson & Penge, P.A.
    2727 S. Tamiami Trail, Ste. 2
    Sarasota, FL  34239
    (941) 952-0771

an answer to the complaint which is herewith served upon you, within __thirty (30)__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| CLERK | DATE |
|---|---|
| | |

BY DEPUTY CLERK